JUSTICE COTTER
dissents.
¶56 I dissent from the Court’s disposition of Issue 2. I believe the District Court erred when it failed to either dismiss the second stalking count or merge the stalking counts into one misdemeanor charge.
¶57 Tichenor was first arrested on November 4, 1999, on three *109 burglary counts and one partner family member assault charge. He bonded out of jail on November 9,1999, with the admonishment from the Justice of the Peace not to have contact with Nall. Between November 11 and 16, Tichenor called Nall 69 times. Nall apparently reported the calls on November 14,1999, and ten days later, Tichenor was arrested for violating the “no contact” order. In the mean time, however, it is undisputed that on the night of November 22,1999, Nall and Tichenor saw each other at a mutual friend’s house where they were seen kissing and hugging, and also visiting for over a half an hour in Nall’s car. Later that evening, Tichenor was invited to Nall’s apartment, where he spent the night, as well as the majority of the next day. Tichenor was then arrested the following day, November 24, 1999, when his bond was revoked for allegedly violating his conditions of release by contacting Nall.
¶58 It appears that the demarcation for the two “discrete series” of stalkings identified in the original Information was Tichenor’s arrest on November 24,1999. However, Tichenor’s arrest that day was not for stalking, but rather was the result of the revocation of his bond, based on allegations that he had violated the “no contact” order. While Tichenor and Nall had engaged in prohibited contact, it seems clear that given Nall’s behavior and encouragement, Tichenor had no reason at this point to think that any of the conduct was either threatening or harassing to Nall. Tichenor was not charged with stalking until the Information was filed on December 17,1999, which was well after the “second series” of calls had ceased. In other words, when the second series of calls began, Tichenor was not on notice that the first series of calls would give rise to stalking charges.
¶59 The State argues, and the Court agrees, that Tichenor is barred from raising § 46-11-410, MCA, since he raises it for the first time on appeal. However, a close analysis of Tichenor’s motion to dismiss and his objection to the filing of the amended information suggests otherwise. During the hearing on his motion to dismiss and in his reply brief, Tichenor argued that if they occurred at all, the two charges of stalking, one misdemeanor and one felony, were really one event. In his closing brief on his motion to dismiss, Tichenor asked the District Court to “see this case for what it is lest the jeopardy of punishment far exceed the seriousness of the circumstances” (emphasis added). (Section 46-11-410, MCA, is codification ofthe double jeopardy protection against multiple punishments for the same offense. See, Commission Comments, § 46-11-410, MCA.)
¶60 In April of 2000, before the District Court ruled on Tichenor’s motion to dismiss, the State moved to amend the Information, adding *110 the mailings as a third count of stalking. Tichenor objected to the proposed amendment, arguing that “the repeated course of conduct, whether or not it amounts to stalking, should be one count rather than three.” Finally, following the trial, in his motion for a new trial or to set aside the verdict, Tichenor argued that his right to be free from double jeopardy was violated when he was charged with more than one stalking offense.
¶61 The State continued to assert that the two series of calls and the mailings from jail were completely distinct and separate and involved totally different circumstances, arguing that “[n]othing in the criminal law require[d] that on-going criminal activity necessarily be charged as one crime, when in fact, a crime is committed over and over by different means.” However, stalking is a continuing offense that requires repeated conduct. See, § 45-5-220, MCA. Therefore, unless a defendant’s course of conduct is broken, any continuation of behavior allegedly constituting stalking, constitutes one stalking offense. See, State v. Vigil (Tenn. Crim. App. 2001), 65 S.W.3d 26, 35. In my opinion, the District Court erred by failing to merge the original counts of stalking into one misdemeanor count.
¶62 DividingTichenor’s continuous conduct into two separate offenses, and the elevation of the second offense to a felony, was manifestly unfair in light of both the law and the victim’s willing and intimate relations with Tichenor in the midst of that course of conduct which would later result in his conviction of felony stalking. For these reasons, I would vacate the felony stalking conviction and affirm the misdemeanor stalking conviction.
JUSTICES LEAPHART and TRIEWEILER join in the foregoing dissent.